UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>JASON STEVEN KITLEY,<br><br>                    Defendant. | Case No. 1:18-CR-00130-BLW<br><br>**REPORT AND RECOMMENDATION** |

On June 13, 2018, Defendant Jason Steven Kitley appeared before the undersigned United States Magistrate Judge to enter a plea pursuant to a written plea agreement. (Dkt. 20).  The Defendant executed a waiver of the right to have the presiding United States District Judge take his plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Superseding Information (Dkt. 22), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence

investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (A) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143, the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

Defendant was released on conditions on March 30, 2018. (Dkt. 14.) At the time of the plea hearing, the Government did not oppose continued pretrial release pending sentencing. Defendant has met all conditions of release. (Dkt. 24.) Defendant is participating in important weekly mental health treatment that would end should he be detained. In addition, Defendant is assisting in the care of his step father, recently returned home after receiving medical attention at an intensive care unit and who continues to be in poor health. Further, on June 20, 2018, Defendant is scheduled for surgery related to skin cancer concerns.

Upon consideration of the totality of the circumstances in this case, including the conditions of release, and, notably, the disruption in Defendant's mental health treatment that would occur with detention pending imposition of sentencing, and upon finding Defendant is unlikely to flee or pose a danger to the community if release is continued, the Court finds exceptional reasons have been clearly shown why detention pending

sentence would not be appropriate at this time. The Court will recommend release be continued pending imposition of sentence.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Jason Steven Kitley's plea of guilty to Count One of the Superseding Information (Dkt. 22);

2) The District Court order forfeiture consistent with Defendant Jason Steven Kitley's admission to the Criminal Forfeiture allegation in the Superseding Information (Dkt. 22) and the Plea Agreement (Dkt. 20).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss the Indictment (Dkt. 15) as to Defendant.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 14)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: June 13, 2018

_____
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE